FILED
2021 AUG 19
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANNALISA JOHNSON., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case #4:20-cv-00104 PK <br><br> Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff Annalisa Johnson's appeal from the decision of the Social Security Administration denying her application for disability, disability insurance benefits, and supplemental security income. The Court held oral arguments on August 17, 2021. Having considered the arguments, the record, and the law, the Court will reverse and remand the administrative ruling.

I.  STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[2] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3] The ALJ is required to

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

[2] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[4] If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[5] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[7]

## II.  BACKGROUND

A.   PROCEDURAL HISTORY

In April 2018, Plaintiff filed an application for disability, disability insurance benefits, and supplemental security income alleging disability beginning on February 15, 2017.[8] Plaintiff's claim was denied initially and upon reconsideration.[9] Plaintiff then requested a hearing before an ALJ, which was held on January 24, 2020.[10] The ALJ issued a decision on February 13, 2020, finding that Plaintiff was not disabled.[11] The Appeals Council denied Plaintiff's request for review on July 23, 2020,[12] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[13]

---

[4] *Id.* at 1009–10.

[5] *Richardson*, 402 U.S. at 390.

[6] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[7] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[8] R. at 222–39.

[9] *Id.* at 80, 107, 140, 141.

[10] *Id.* at 27–69.

[11] *Id.* at 9–26.

[12] *Id.* at 1–6.

[13] 20 C.F.R. § 422.210(a).

On September 23, 2020, Plaintiff filed her Complaint in this case.[14]  On December 7, 2020, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[15]  The Commissioner filed an answer and the administrative record on February 21, 2021.[16]

Plaintiff filed her Opening Brief on April 26, 2021.[17]  The Commissioner's Answer Brief was filed on May 26, 2021.[18]  Plaintiff filed her Reply Brief on June 9, 2021.[19]

B.   MEDICAL EVIDENCE

Plaintiff has been diagnosed with a connective tissue disorder, which has sometimes been identified as either lupus or fibromyalgia.  This disorder causes Plaintiff to suffer joint pain.  In addition, Plaintiff suffers from depression and anxiety.  Plaintiff claimed disability based on lupus, depression, acid reflux, a thyroid disorder, heart problems, and pleurisy.[20]

C.   HEARING TESTIMONY

Plaintiff testified that her connective tissue disorder causes fatigue and that her fatigue worsens with stress.[21]  Plaintiff stated that her "joints ache all the time"[22] and that extreme

---

[14] Docket No. 3.
[15] Docket No. 11.
[16] Docket Nos. 16–18.
[17] Docket No. 21.
[18] Docket No. 24.
[19] Docket No. 26.
[20] R. at 258.
[21] *Id.* at 33.
[22] *Id.* at 34.

temperatures worsen her pain.[23] Plaintiff testified that her anxiety makes it difficult to deal with crowds.[24] She further stated that her depression makes her less motivated, and she has become less involved in activities with her children.[25]

D.    THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of February 15, 2017.[26] At step two, the ALJ found that Plaintiff suffered from the following severe impairment: a connective tissue disorder.[27] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[28] The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, with certain restrictions.[29] At step four, the ALJ determined that Plaintiff could perform her past relevant work as a receptionist and, therefore, she was not disabled.[30]

---

[23] *Id.* at 35.
[24] *Id.* at 43.
[25] *Id.* at 58.
[26] *Id.* at 14.
[27] *Id.* at 14–17.
[28] *Id.* at 17–18.
[29] *Id.* at 18–20.
[30] *Id.* at 21–22.

III.  DISCUSSION

Plaintiff raises two issues in her brief:  (1) whether the ALJ erred in evaluating Plaintiff's subjective complaints of pain; and (2) whether the ALJ erred in failing to incorporate any mental impairments in the RFC determination.

A.      SUBJECTIVE COMPLAINTS OF PAIN

Plaintiff first contends that the ALJ erred in evaluating her subjective complaints of pain. "A claimant's subjective allegation of pain is not sufficient in itself to establish disability."[31] "Nonetheless, the claimant is entitled to have [her] nonmedical objective and subjective testimony of pain evaluated by the ALJ and weighed alongside the medical evidence."[32]

The Tenth Circuit has established a framework for consideration of a claimant's subjective complaints of pain.  An ALJ is to consider the following factors, commonly referred to as the *Luna* factors:  (1) the levels of medication and their effectiveness, (2) the extensiveness of the attempts (medical or nonmedical) to obtain relief, (3) the frequency of medical contacts, (4) the nature of daily activities, (5) subjective measures of credibility that are peculiarly within the judgment of the ALJ, (6) the motivation of and relationship between the claimant and other witnesses, and (7) the consistency or compatibility of nonmedical testimony with objective

---

[31] *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993)

[32] *Huston v. Bowen*, 838 F.2d 1125, 1131 (10th Cir. 1988)

medical evidence.[33] These factors are not exhaustive[34] and the ALJ is not required to conduct a "formalistic factor-by-factor recitation of the evidence."[35]

Plaintiff argues that remand is required because the ALJ failed to address or even recognize the *Luna* factors.[36] Plaintiff is correct that the ALJ did not specifically identify the *Luna* factors. However, the mere fact that the ALJ did not explicitly recite the *Luna* factors is not grounds for reversal.[37] The ALJ's opinion clearly evaluates those factors relevant here, including Plaintiff's daily activities and the lack of consistency between Plaintiff's complaints with the objective medical evidence. The ALJ pointed to evidence where Plaintiff reported doing yardwork and concluded that "[t]he mention of yardwork is not consistent with the claimant's function report or testimony."[38] The ALJ also cited to a number of normal physical examinations.[39] These examinations, the ALJ found, were "inconsistent with the alleged severity of fatigue or joint pain."[40] Finally, the ALJ pointed to the opinions of the state agency medical consultants who opined that Plaintiff was capable of light work.[41] Despite these opinions, the ALJ imposed postural limits and limitations on temperature extremes because of

---

[33] *Id.* at 1132–33 (citing *Luna v. Bowen*, 834 F.2d 161, 165–66 (10th Cir. 1987)); *see also* SSR 16-9p, 2017 WL 5180304, at *7–8 (Oct. 25, 2017) (listing similar factors).

[34] *Huston*, 838 F.3d at 1132 n.7

[35] *Qualls*, 206 F.3d at 1372.

[36] Docket No. 21, at 11.

[37] *Jimison ex rel. Sims v. Colvin*, 513 F. App'x 789, 796 (10th Cir. 2013) (stating that "we see no error in the mere absence of a rote recitation of the *Luna* factors").

[38] R. at 19–20.

[39] *Id.*

[40] *Id.* at 20.

[41] *Id.*

6

Plaintiff's testimony.[42]  Based upon these considerations, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."[43]

Plaintiff correctly notes that the Tenth Circuit has condemned the use of such boilerplate language as insufficient.[44]  However, the use of such boilerplate language is "insufficient" only "in the absence of a more thorough analysis."[45]  Here, as discussed, the ALJ provided the additional analysis required.  "The ALJ did not simply recite the general factors, he also stated the specific evidence he relied on in determining that Claimant's allegations were not credible."[46]  While Plaintiff complains about the extent of the ALJ's analysis, she points to nothing more than her own subjective complaints in an effort to overturn the decision of the ALJ.  The ALJ considered these complaints, as well as all of the other evidence, in reaching the determination that Plaintiff's subjective complaints were not fully supported.  While there was evidence that Plaintiff's pain could have resulted in additional limitations, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[47]  A review of the record

---

[42] *Id.*

[43] *Id.* at 19.

[44] *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001).

[45] *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004).

[46] *Strickland v. Astrue*, 496 F. App'x 826, 836 (10th Cir. 2012).

[47] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. Fed. Aviation Admin.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

reveals that the ALJ's findings concerning Plaintiff's complaints of disabling pain are well supported, despite some evidence to the contrary, and remand is not required on this basis.

B.   MENTAL LIMITATIONS

Plaintiff's second argument is that the ALJ erred by failing to include any mental limitations in his RFC determination. At step two, the ALJ found that Plaintiff had only mild limitations in the four mental functioning areas.[48] The ALJ further found that the evidence did not indicate that Plaintiff's mental conditions presented more than a minimal limitation in the claimant's ability to do basic work activities and, therefore, were non-severe.[49] The ALJ went on to state that his RFC determination "reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis."[50] The RFC assessment, in turn, included no discussion of Plaintiff's mental limitations and no functional limits related to Plaintiff's mental impairments were imposed.[51] This was insufficient.

The Tenth Circuit has stated that "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five."[52] Instead, the ALJ must consider all impairments, including those considered non-severe.[53] The ALJ may not

---

[48] R. at 15–17.

[49] *Id.* at 17.

[50] *Id.*

[51] *Id.* at 18–20.

[52] *Wells v. Colvin*, 727 F.3d 1061, 1068–69 (10th Cir. 2013).

[53] See 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); *see also* SSR 96–8p, 1996 WL 374184, at *4 (July 2, 1996) (noting that criteria used at steps two and three of the analysis to evaluate mental impairments are "not an RFC assessment," and that "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed

simply "rely on his finding of non-severity as a substitute for a proper RFC analysis"[54] because "the Commissioner's regulations demand a more thorough analysis."[55] Here, the ALJ recognized the need to conduct "a more detailed assessment,"[56] but failed to do so. The ALJ's RFC analysis is devoid of any discussion of Plaintiff's asserted mental impairments and any limitations that may result because of these impairments. This was error.

The Commissioner responds by arguing that the ALJ was not obligated to include any mental limitations in Plaintiff's RFC.[57] While this is decidedly true, this argument fails to address the salient issue. Though the ALJ was not required to include any mental limitations in the RFC, he is required to consider Plaintiff's mild mental impairments in assessing her RFC. This was not done.

The Commissioner further argues that "nothing about the mild limitations noted by the ALJ at step three required a corresponding mental limitation in the RFC."[58] This is akin to a harmless error argument, which has been applied in similar circumstances.[59] Yet, here there is

---

assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form].").

[54] *Wells*, 727 F.3d at 1065.

[55] *Id.* at 1071.

[56] R. at 17 ("The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment.").

[57] Docket No. 24, at 9 (citing *Beasley v. Colvin*, 520 F. App'x 748, 754 & n.3 (10th Cir. 2013); *Bales v. Colvin*, 576 F. App'x 792, 798 (10th Cir. 2014)).

[58] *Id.* at 10.

[59] *See Alvey v. Colvin*, 536 F. App'x 792, 795 (10th Cir. 2013) (concluding "that the ALJ's failure to conduct a more particularized assessment of mental functions at step four was harmless error" because "[t]here is no substantial evidence that would allow a reasonable administrative factfinder to include any mental limitations in [the plaintiff's] RFC.").

evidence from which a reasonable factfinder could conclude that Plaintiff's mental impairments might result in work-related limitations. Plaintiff expressed difficulty dealing with others[60] and a psychological examination supported this testimony.[61] Despite this, the ALJ found that Plaintiff could perform her past relevant work as a receptionist, which requires significant interaction with people.[62] The ALJ failed to adequately address whether Plaintiff's mental impairments might impede her ability to perform this work or whether additional mental limitations were required in the RFC assessment. Therefore, remand is required to allow the ALJ the opportunity to conduct this analysis in the first instance.

## IV.  CONCLUSION

It is therefore

ORDERED that the ALJ's decision is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the purposes of conducting additional proceedings as set forth herein.

DATED this 19th day of August, 2021.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[60] R. at 42–43.

[61] *Id.* at 512 ("Her symptoms do appear to interfere with her ability to be an effective parent and individual . . . . Overall, her symptoms of lupus appear to affect her greatly, with symptoms of depression adding to her ability to function appropriately. Additionally, [claimant] indicated symptoms associated with social anxiety . . . .").

[62] DICOT 237.367–038, 1991 WL 672192.